IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LONNIE BERNARD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 11-2654-JDT-cgc |
| | ) | |
| TYRONE J. PAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR FILING FEE REIMBURSEMENT

On August 1, 2011, Plaintiff Lonnie Bernard Davis, Bureau of Prisons register number 14880-057, an inmate at the United States Penitentiary I in Coleman, Florida, filed a *pro se* civil complaint against Assistant Federal Defender Tyrone J. Paylor. (ECF No. 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). On June 18, 2012, the Court dismissed the complaint *sua sponte* prior to the issuance of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); judgment was entered on July 2, 2012. (ECF Nos. 11 & 12.) Plaintiff filed an amended complaint on September 19, 2012 (ECF No. 13), and the Court subsequently issued an order striking the amendment because judgment had already been entered (ECF No. 14). On October 12, 2012, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 15.) The Court denied that motion on April 15, 2013. (ECF No. 16.)

On April 2, 2015, Plaintiff filed a request for reimbursement of the filing fee on the ground that the Defendant was never served with process. (ECF No. 17.) However, the obligation to pay the civil filing fee under the PLRA attaches when a prisoner files a non-habeas civil complaint and is not affected by the subsequent dismissal of the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In *In re Alea*, 286 F.3d 378, 381-82 (6th Cir.2002), the Sixth Circuit reiterated that even a voluntary dismissal does not eliminate a prisoner's responsibility to pay the filing fee because the financial obligation under the statute attaches at the moment that the complaint is filed. Thus, subsequent dismissal of the case, even if it is prior to service of process, has no impact on the prisoner's financial obligation. *Id.* (citing *McGore*, 114 F.3d at 607); *cf. Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event an appeal is withdrawn. That is not surprising, since a congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotation and citation omitted)).

Accordingly, the motion for reimbursement is DENIED.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE